UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAMAR DONNELL KIRKLAND, | Case No.: 10-CV-03050-LHK |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| RAUL LOPEZ, Warden, | |
| Respondent. | |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that a habeas proceeding is currently pending in the Contra Costa Superior Court. The court therefore issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

The instant petition was filed on July 12, 2010. Petitioner challenges his 2007 conviction in the Contra Costa Superior Court. Petitioner alleges that he appealed his conviction to the state court of appeal and the state supreme court, both of which affirmed his conviction. He subsequently sought relief through a state court habeas proceeding, and Petitioner alleges that this proceeding is currently pending in the Contra Costa Superior Court.

1

## II. ANALYSIS

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is designed to give state courts a "full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Id.* at 845. To satisfy the exhaustion requirement, a state prisoner must invoke one complete round of the state's appellate review process, *id.*; *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003), and present his federal claims to the state's highest court. *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). The exhaustion requirement is not satisfied if a challenge to the prisoner's conviction is pending in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . .").

Here, the petition states that a habeas proceeding is currently pending in the California Superior Court of Contra Costa County. Accordingly, the Court issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice to refiling after petitioner exhausts the pending state court action and any other state remedies. Petitioner shall file a response within 30 days addressing: (1) whether he has a habeas petition, appeal, or other post-conviction proceeding now pending before the state court; and (2) whether the instant petition challenges the same conviction at issue in his pending state case.

Failure to file a timely response will result in the Court dismissing the instant petition without prejudice for failure to exhaust state court remedies.

**IT IS SO ORDERED.**

Dated: August 18, 2010

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-03050-LHK
ORDER TO SHOW CAUSE